**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2253-17T4

WESLEY JONES,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

          Submitted March 6, 2019 – Decided June 25, 2019

          Before Judges Vernoia and Moynihan.

          On appeal from the New Jersey State Parole Board.

          Wesley Jones, appellant pro se.

          Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Suzanne Marie Davies, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Wesley Jones was sentenced on July 25, 1988 to life imprisonment after a jury found him guilty of his father's murder, N.J.S.A. 2C:11-3(a)(1), (2), and the unlawful possession of a prohibited weapon, N.J.S.A. 2C: 39-3(b) – the shotgun used as the murder weapon – for which he received a four-year consecutive sentence. Appellant appeals from the New Jersey State Parole Board's final decision denying his parole request and setting a twenty-four-month future parole eligibility term (FET), contending the "Board essentially allowed [a two-member Board panel] to affirm its own decisions, denying parole and imposing the FET. The Board [p]anel decisions were arbitrary and not reviewed by the Board." He also offers the incongruous argument that the Board, apparently in reviewing the panel's decision, "undervalued [his] disciplinary history and . . . overemphasized the facts of the crime." Additionally he avers the procedure employed in denying parole denied him due process of law. We disagree and affirm.

A two-member Board panel, following a referral from a hearing officer, denied parole and established the FET. Appellant filed an administrative appeal and the Board affirmed after addressing appellant's arguments in a comprehensive written final decision.

The standard of review applicable to other administrative agency decisions applies to our review of the Parole Board's determinations. Trantino v. N.J. State Parole Bd. (Trantino IV), 154 N.J. 19, 24-25 (1998). "We may overturn the . . . Board's decisions only if they are arbitrary and capricious." Trantino v. N.J. State Parole Bd. (Trantino V), 166 N.J. 113, 201 (2001). Because the parole eligibility statute creates a presumption that an inmate should be released on the inmate's eligibility date, N.J.S.A. 30:4-123.53, decisions against release must be considered arbitrary if they are not supported by a preponderance of the evidence in the record. Kosmin v. N.J. State Parole Bd., 363 N.J. Super. 28, 41-42 (App. Div. 2003).

The Board concluded that appellant's responses to the Board panel's questions supported the panel's appropriate assessment that appellant "exhibit[ed] insufficient problem resolution, specifically, that [he lacked] insight into [his] criminal behavior and that [he minimized his] conduct." The Board also considered information regarding appellant's program participation and rehabilitative efforts. Although that evidence substantiated appellant's involvement in treatment, the Board recognized that it was but "one factor of many considered by the Board panel and is not the only indicator of rehabilitation." In fact, the Board found appellant's program participation did

A-2253-17T4

not negate that he lacked insight into his criminal behavior and minimized his conduct. Addressing appellant, the Board continued:

> [A]lthough it appears that you have made some progress, your criminal behavior is deeply rooted as evidenced by your prior criminal record and numerous institutional infractions. This contradicts your assertion of sufficient rehabilitation. The Board notes that while acknowledging the serious consequences of your criminal activity is a step towards rehabilitation, it represents only an initial effort at rehabilitation. The Board further finds that your admission of guilt may help you to develop insight into the causes of your criminal behavior, but does not equate to a change in your behavior. Therefore, in assessing your case, the Board concurs with the determination of the Board panel that, based on the aggregate of all relevant factors, there is a substantial likelihood that you will commit another crime if released on parole at this time.

It is obvious from these passages, as well as a review of the complete Board decision, that appellant's contention that the Board did not review the panel's decision is meritless.

Besides appellant's argument that the Board "undervalued [his] disciplinary history and . . . overemphasized the facts of the crime," appellant also asserts there is an "unreasonableness" in the Board's decision to deny parole based on "the amount of weight given to the inconsistency" between the State's assertion that appellant killed his father as a result of an affair he was having

with his stepmother – his father's wife – and his contention that the shooting was accidental.

"The decision of a parole board involves 'discretionary assessment[s] of a multiplicity of imponderables . . . .'" Trantino V, 166 N.J. at 201 (first alteration in original) (quoting Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 10 (1979)). "To a greater degree than is the case with other administrative agencies, the Parole Board's decision-making function involves individualized discretionary appraisals." Ibid. We will not second-guess the Board's application of its considerable expertise in sustaining the panel's determinations. See, e.g., In re Vey, 272 N.J. Super. 199, 205-06 (App. Div. 1993), aff'd, 135 N.J. 306 (1994).

We accord that deference here in light of the record evidence. The Board considered appellant's entire record, including updates to appellant's institutional record that reflected his "additional program participation and that [he] remained infraction free" since his last Board panel hearing. But the Board concluded, "although it appears that you have made some progress, your criminal behavior is deeply rooted as evidenced by your prior criminal record and numerous institutional infractions." Appellant had been convicted of larceny and sentenced to probation in Mississippi; probation was revoked and

defendant was on bench warrant status when he committed the murder. He had also committed six asterisk offenses and nine non-asterisk offenses during his imprisonment.[1] And, as we already observed, the Board found that appellant lacked insight into his behavior and minimized his conduct. His contention that the killing of his father was accidental supports the Board's finding. We discern no reason to set aside these discretionary evaluations.

We are satisfied the Board, as mandated by N.J.A.C. 10A:71-3.11(a), based its decision "on the aggregate of all pertinent factors." The record belies all of appellant's contrary contentions. Although mitigating factors applied and were considered, it was within the Board's discretionary power to determine that the considerations in favor of finding that there is a substantial likelihood appellant would commit another crime if released on parole outweigh those mitigating considerations. We do not substitute our judgment for that of the Board with respect to denial of parole or the setting of an FET. See N.J. State Parole Bd. v. Cestari, 224 N.J. Super. 534, 547 (App. Div. 1988). The Board applied the correct legal standard and considered the relevant factors under N.J.A.C. 10A:71-3.11(b) in deciding to deny parole and set a twenty-four-month

---

[1] Prohibited acts that are subject to disciplinary action in State prison are classified into categories. Those preceded by an asterisk "are considered the most serious and result in the most severe sanctions." N.J.A.C. 10A:4-4.1(a).

A-2253-17T4

FET. On the record presented, its decision was not arbitrary or capricious, see McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002), and we conclude that the Board did not abuse its discretion in denying appellant's application for release on parole.

We also determine appellant's arguments related to the procedure employed in determining his parole eligibility lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E). We add only that a hearing officer performing an initial case review of an inmate's parole application is compelled to refer the case to a Board panel if the inmate is serving a sentence for murder. N.J.S.A. 30:4-123.55(c); N.J.A.C. 10A:71-3.15(b). Upon such referral, the Board chairperson must schedule a hearing before the appropriate Board panel. N.J.A.C. 10:71-3.17(a). The Board panel that conducted the hearing must forward a written notice of decision, setting forth its reasons for denying parole to, among others, the inmate and the Board. N.J.S.A. 30:4-123.55(d); N.J.A.C. 10A:71-3.18(e), (f). Only the full Board can certify an inmate incarcerated for murder for parole, N.J.S.A. 30:4-123.55(f); a Board panel does not have authority to certify such an inmate for release, N.J.A.C. 10A:71-3.18(c).

Appellant was afforded all of the statutory and regulatory safeguards during the process here employed, a process approved by our Supreme Court in Acoli v. New Jersey State Parole Board, 224 N.J. 213, 229-230 (2016):

> It makes little administrative sense to expect the full Board to conduct the equivalent of a full Board review for release of a convicted murderer whenever a two-member panel withholds parole. To convert every such appeal to a full-blown review would waste Board personnel and fiscal resources. Rather, it is reasonable for the Board to focus its attention on the inmate's reasons for criticizing the two-member panel's record and decision and have that limited review be subject to judicial review before the Board is required to conduct a resource-intensive full hearing.

The dual hearings, first by the Board panel and then by the full Board, fully protected appellant's due process rights. Jamgochian v. N.J. State Parole Bd., 196 N.J. 222, 240 (2008) ("The minimum requirements of due process . . . are notice and the opportunity to be heard." (alteration in original) (quoting Doe v. Poritz, 142 N.J. 1, 106 (1995))); see Logan v. Zimmerman Brush Co., 455 U.S. 422, 433 (1982) (holding "the Due Process Clause grants the aggrieved party the opportunity to present his case and have its merits fairly judged").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2253-17T4